829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oliver PRICE, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 87-3432
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This matter is before the court upon consideration of the appellant' response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 It appears from the record that the judgment was entered March 26, 1987. The notice of appeal was due to be filed on or before April 27, 1987, and the notice of appeal filed on May 1, 1987, was four days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant states numerous reasons why his notice of appeal was filed late. He states that he is not knowledgeable in the law and believed that the due date of the notice of appeal was April 26, 1987, with three days added to that period for mailing. Because he placed his notice of appeal in the mail on April 28, 1987, he believes flexibility should be applied to the appeals period and this court accept jurisdiction.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Neither Rule 6(e), Federal Rules of Civil Procedure, nor Rule 26(c), Federal Rules of Appellate Procedure, entitles an appellant to an additional three days in which to file by mail a notice of appeal. Those rules give an extra three day period only when the time for performing an act is to be completed from the service date of a document rather than the entry date. Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir. 1983); Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir. 1975). The time for filing a notice of appeal is computed from the entry date of the judgment. Rule 4(a), Federal Rules of Appellate Procedure. Although the date on which a notice of appeal was mailed may be considered by a district court when ruling on a motion for extension of time, it does not cure the untimely filing of the notice of appeal nor can the notice of appeal serve as a substitute for a motion for extension of time if it fails to allege excusable neglect. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). No motion for extension of time was filed within the period prescribed by Rule 4(a)(5), Federal Rules of Appellate Procedure.
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.