980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawtis DONALD-RHODEN; Elizabeth Owens Rhoden, Plaintiffs-Appellants,
v.
Randall WYATT, Jr., Judge; Cheryl Blackburn; Tom Thurman;
Sage, Sergeant; Nashville Police; Sheriff's
Department, Davidson County; State of
Tennessee; Merida Chambers,
Defendants-Appellees.
 No. 92-6017.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ROSENN, Senior Judge.*
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal for lack of jurisdiction because of a late notice of appeal. Lawtis Rhoden responded stating that the notice of appeal was placed in the prison mail on May 29, 1992, and that he also had an additional three days for mailing.
 
 
 2
 A review of the record indicates that the final order of the district court was entered on April 28, 1992. Any notice of appeal from that decision was due to be filed on or before May 28, 1992, and the notice of appeal filed June 1, 1992, was four days late. See Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 Houston v. Lack, 487 U.S. 266, 272-273 (1988), provides that a notice of appeal is deemed filed when placed in the prison mail. Appellant alleges that the notice of appeal was placed in the prison mail on May 29. Thus, even applying Houston, the notice of appeal is one day late. Neither Fed.R.Civ.P. 6(e) nor Fed.R.App.P. 26(c) extends the appeals period by three additional days. Mattson v. Brown Univ., 925 F.2d 529, 532 (1st Cir.1991); Cyrak v. Lemon, 919 F.2d 320, 323 (5th Cir.1990); Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the motion to dismiss be granted and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Max Rosenn, Senior Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation