IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-21181

---

EARL LUDGOOD,

Plaintiff-Appellant,

versus

APEX MARINE CORPORATION SHIP MANAGEMENT,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas

---

October 25, 2002

Before GARWOOD and CLEMENT, Circuit Judges and RESTANI,* Judge.

PER CURIAM:

Earl Ludgood appeals the district court's grant of summary judgment in favor of the defendant-appellee APEX Marine Corp. on appellant's employment racial discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e and his related retaliation claim. We dismiss the appeal

---

*The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

because the only notice of appeal is untimely.

## Facts and Proceedings Below

Ludgood filed the instant action on August 27, 1999. He asserted in his complaint that APEX refused to promote him because of his race and terminated him in retaliation for filing the EEOC complaint.

On March 22, 2001, APEX filed a motion for summary judgment. The district court issued on a separate document its "Final Summary Judgment" dated October 17, 2001, dismissing all of Ludgood's claims, which was entered on the docket on that date. The district court thereafter issued a ten page "Memorandum Opinion and Order" dated October 23, 2001, which was entered on the docket on that date, setting forth its reasoning and the authorities on which it relied. In the October 23, 2001 opinion and order the court determined that Ludgood presented no summary judgment evidence that he was qualified for the promotion, that he applied for or even sought the promotion, that APEX's employment decisions were motivated by racial bias, or that APEX fired Ludgood in retaliation for filing a complaint with the Texas Commission on Human Rights and the EEOC. Accordingly, the court in its October 23 opinion and order determined that both Ludgood's Title VII racial discrimination claim and his retaliation claim were without merit.

On November 20, 2001, appellant filed his notice of appeal with the district court.

## Discussion

We address whether the appeal was timely filed, thereby providing this court with jurisdiction.  Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides:

"(a) Appeal in a Civil Case

(1) Time for Filing a Notice of Appeal

> (A) In a civil case, except as provided in Rules 4(a)(1) (B), 4(a)4, and 4(c) , the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

The appellant in the case *sub judice* has not sought to take advantage of provisions Rule 4(a)(5) or Rule 4(a)(6), Fed.R.App.P.[1]

---

[1]Rules 4(a)(5) and 4(a)(6), Fed.R.App.P., provide as follows:

"(5) **Motion for Extension of Time.**
> (A) The district court may extend the time to file a notice of appeal if:
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>> (ii) that party shows excusable neglect or good cause.

> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise.  If the motion if filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

(6) **Reopening the Time to File an Appeal.**
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

3

Rule 26, Fed.R.App.P. clearly prescribes how courts are to compute

the time for filing a notice of appeal:

> "(a) Computing Time. The following rules apply in computing any period of time specified in these rules or in any local rule, court order, or applicable statute:
>
>> (1) Exclude the day of the act, event, or default that begins the period.
>>
>> (2) Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days.
>>
>> (3) Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or -- if the act to be done is filing a paper in court -- a day on which the weather or other conditions make the clerk's office inaccessible.
>>
>> . . .
>
> (b) Extending Time. For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may not extend the time to file:
>
>> (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal; or
>>
>> (2) a notice of appeal from or a petition to enjoin, set aside, suspend, modify, enforce, or otherwise review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law.
>
> (c) Additional Time after Service. When a party is required or permitted to act within a prescribed period after a paper is served on that party, 3 calendar days are added to the prescribed period unless the paper is

---

(C) the court finds that no party would be prejudiced."

delivered on the date of service stated in the proof of service."[2]

In accordance with these provisions, in computing appellant's time for filing a notice of appeal, the day the judgment was entered, Wednesday, October 17, 2001, is excluded. Fed.R.App.P. 26(a)(1). Thus, beginning with October 18, 2001, Ludgood had a period of thirty days in which to file his notice of appeal. Fed.R.App.P. 4(a)(1)(A). Therefore, Friday, November 16, 2001 was the last day of that thirty-day period.

Appellant's Exhibit A attached to its Memorandum in Opposition to Motion to Dismiss is a certified mail receipt reflecting a November 15, 2001 mailing to the United States District Court of the Southern District of Texas which was received on November 20, 2001 which appellant asserts, and appellee does not dispute, contained appellant's notice of appeal. The Notice of Appeal is stamped as filed on November 20, 2001.

Appellant merely contends that, given an additional three

_____

[2]The rules as quoted in this opinion are those now in effect. Certain amendments, not relevant to the disposition of this matter, have been made effective December 1, 2002. We also noted that Fifth Circuit Rule 26.1 provides:

"Computing Time. Except for briefs and record excerpts, all other papers, including petitions for rehearing, are not timely unless the clerk actually receives them within the time fixed for filing. Briefs and record excerpts are deemed filed on the day sent to the clerk by a third-party commercial carrier for delivery within 3 calendar days, or on the day of mailing if the most expeditious form of delivery by mail is used. The additional 3 days after service by mail, or after delivery to a commercial carrier for delivery within 3 calendar days referred to in FRAP 26(c), applies only to matters served by a party and not to filings with the clerk of such matters as petitions for rehearing under FRAP 40, petitions for rehearing en banc under FRAP 35, and bills of costs under FRAP 39."

5

days for filing by mail provided for in Fed.R.App.P. 26(c), the last date on which the notice of appeal had to have been received was November 20, 2001. Appellant does not explain how an additional three days would extend the date from November 16 to November 20. In any event, the additional three calender days after service by mail as permitted by Fed.R.App.P. 26(c) is unavailable because the time for filing notice of appeal commences to run from the entry of judgment and not "after a paper is served on that party" as provided in Rule 26(c). This court held the three-day grace period for mailing to be inapplicable for extending the thirty days allowed for notices for appeal in *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042 (5th Cir. 1981). It is further well established that a notice of appeal is effective on the date it is actually filed, *United States v. Clark*, 193 F.3d 845 (5th Cir. 1999); *In re Arbuckle*, 988 F.2d 29 (5th Cir. 1993), and is filed as of the date it is actually received by the court, not as of the date it is mailed. *Matter of Robinson*, 640 F.2d 737, 738 (5th Cir. 1981), *citing Matter of Bad Bubba Racing Prods., Inc.*, 609 F.2d 815 (5th Cir. 1980).

Thus, despite the mailing of the notice of appeal on November 15, the relevant rules and clear precedent establish that the clerk would have had to receive the notice no later than November 16, 2001 in order for the appeal to be timely.

Although appellant does not raise this issue, we nevertheless

6

address the question of whether the October 17, 2001 "Final Summary Judgment" met the criteria for a final judgment, thereby starting the clock for a timely appeal. A final judgment must be (1) set forth on a separate document and (2) entered on the district court civil docket sheet. Fed.R.Civ.P. 58; *see, Williams v. Burlington Northern, Inc., 832 F.2d 100* (7th Cir. 1987). A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order, *see, e.g., Coopers & Lybrand v. Livesay*, 98 S. Ct. 2454 (1978), or resolve collateral issues, *see, e.g., Budinich v. Becton Dickinson & Co.*, 108 S. Ct. 1717 (1988).

Rule 58 provides in pertinent part that "every judgment shall be set forth on a separate document" and that "[a] judgment is effective only when so set forth." Fed. R. Civ. P. 58. According to the Advisory Committee Notes, the judgment must be "set out on a separate document--distinct from any opinion or memorandum--which provides the basis for the entry of judgment." Notes of Advisory Committee on Rules, 1963 Amendment, following Fed. R. Civ. P. 58.

The sole purpose of Rule 58's separate-document requirement was to clarify when the time for an appeal begins to run. *Bankers Trust Co. v. Mallis*, 98 S. Ct. 1117 (1978); *Clough v. Rush*, 959 F.2d 182, 184-85 (10th Cir. 1992) (discussing history and purpose of Rule 58). It was added in 1963 to prevent uncertainty "over

7

what actions ... would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty." *United States v. Indrelunas*, 93 S. Ct. 1562 (1973). In *Indrelunas*, the Court held that Rule 58 was a "'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." 93 S.Ct. at 1565. "The entry of a final judgment under Rule 58 starts the clock for an appeal." *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir. 1987).[3]

The October 17th ruling conclusively determined the rights of the parties and left nothing further to be resolved. It was not only entitled "Final Summary Judgment," but it also concluded with the statement "This is a **FINAL JUDGMENT**." (caps and bold in the original). The entirety of that document is as follows:

### FINAL SUMMARY JUDGMENT

"In accordance with the Court's Memorandum and Order of this date, the Court
**ORDERS** that Defendant APEX Marine Corp. is granted summary judgment on all claims brought against it by Plaintiff Earl Ludgood in the above-referenced action. The Court further
**ORDERS** that Plaintiff pay all costs of court.
This is a **FINAL JUDGMENT**
**SIGNED** at Houston, Texas, this 17th day of October, 2001.
/s Melinda Harmon, United States District Judge"

The Memorandum Opinion and Order referenced was actually dated and entered on October 23, 2001. Measured from October 23,

---

[3]We call the bar's attention to the amendments to Fed.R.Civ.P. 58 effective December 1, 2002.

2001, a notice of appeal filed November 20, 2001 would be timely. It is clear to us, however, that October 17 is the operative date. In *Diamond v. McKenzie*, 770 F.2d 225 (D.C. Cir.1985), the same question of which document starts the clock arose, as the memorandum opinion and order was filed a month following the initial order. The factors that the *Diamond* court relied upon in holding the first document did not constitute a final judgment were that it was entitled "order" rather than "final judgment," included a substantial amount of legal reasoning, and cited a number of authorities. None of these factors are present here. Indeed, the converse is true, as the October 17th document was clearly labeled a "final judgment," did not contain any legal reasoning, and cited no legal authorities.

Thus, the only potential ambiguity in the case *sub judice* is that the memorandum order and opinion was entered six days after the final judgment. However, we agree with the 11th Circuit that this does not alter the fact that the date of the final judgment remains the operative date for determining the timeliness of an appeal. *Department of Revenue v. Brandt (In re Southeast Bank Corp.)*, 97 F.3d 476 (11th Cir.1996). Although the memorandum order and opinion was filed after the final judgment, the 11th Circuit held the appeal was untimely because the clock began running on the date the final judgment was entered, even though the memorandum opinion to which it referred had yet to be filed.

9

The court noted, "Although the grounds for rehearing or appeal may not be clearly known or identified until the memorandum opinion has issued, where the judgment is entered prior to the memorandum opinion, a party is free to timely file a motion for rehearing and later file a supplemental memorandum based upon the memorandum opinion." *Brandt,* 97 F.3d at 479, n.8. Here, it is unambiguously clear that the October 17, 2001 "Final Summary Judgment" meets all the criteria of a Rule 58 final judgment and that the October 23, 2001 "Memorandum Opinion and Order" does not. Moreover, the notice of appeal here purports to appeal "the Judgment of this Court entered on October 17, 2001" and makes no mention of or reference to the Memorandum Opinion and Order dated and entered October 23, 2001.

## Conclusion

Because we find the appellant's only notice of appeal was not timely filed, we hold that this Court does not have jurisdiction over the present appeal. The appeal is accordingly dismissed.

APPEAL DISMISSED.