**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0655n.06
Filed: August 28, 2006

**No. 05-5596**


**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**RICHARD E. FELTNER,**

    **Plaintiff-Appellant,**

**v.**

**LAMAR ADVERTISING of TENNESSEE, INC., and THE TRAVELERS COMPANY,**

    **Defendants-Appellees.**

                                     /

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**


**BEFORE:**   **BATCHELDER, CLAY, and ROGERS, Circuit Judges.**

    **CLAY, Circuit Judge.** Plaintiff Richard E. Feltner appeals the February 18, 2005 order of the United States District Court for the Middle District of Tennessee administratively closing Plaintiff's workers compensation case. Plaintiff brought suit in federal court under diversity jurisdiction against Defendants Lamar Advertising of Tennessee, Inc. and The Traveler's Company, alleging that Defendants were liable under the Tennessee workers' compensation scheme. On appeal, Plaintiff argues that the district court committed various errors in its attorney's fee award to Plaintiff, that the district court erred in failing to order compensation for Plaintiff's brother with respect to certain home care services Plaintiff's brother provides, and that the district court clerk

erred in failing to reimburse Plaintiff for his bill of costs. For the following reasons, we **DISMISS** the case in its entirety for lack of jurisdiction.

**I.**

On November 26, 1997, Plaintiff filed a complaint against Defendants in federal district court pursuant to diversity jurisdiction. Plaintiff alleged: (1) the Tennessee workers' compensation scheme violated the Equal Protection Clause; (2) Defendant Lamar breached its duty to provide a safe working environment for Plaintiff; (3) Defendant Lamar breached its duty to warn Plaintiff of danger; and (4) Defendants were liable under the Tennessee workers' compensation scheme.

The state attorney general intervened in the matter and filed a motion for summary judgment with respect to Plaintiff's equal protection claim. On August 14, 1998, the district court granted summary judgment in favor of the attorney general and dismissed Plaintiff's equal protection claim. Plaintiff did not appeal this decision.

On September 26, 2001, Plaintiff filed a motion to compel Defendant Travelers to pay for certain medical expenses. Specifically, Plaintiff sought payment for: (1) medical services; (2) home nursing services; (3) a handicapped-equipped van; (4) an appropriate bed; and (5) an appropriate wheel chair.

On February 13, 2002, following a bench trial, the district court held: (1) Plaintiff suffered a compensable total and permanent disability; (2) Defendants were required to pay for side rails for Plaintiff's bed; (3) Plaintiff's brother could not be compensated for home health services he provided for Plaintiff, but Defendants were required to pay for wound care for Plaintiff; (4) Defendants were required to pay for the conversion of a van into a handicapped van; and (5) with

respect to the Plaintiff's remaining claims for medical prescriptions and supplies, the Tennessee Department of Labor was in the best position to assess these claims.[1]

On March 13, 2002, Defendants timely filed a notice of appeal from the district court's order. On December 4, 2003, a panel of this Court affirmed the order of the district court and its finding that Plaintiff was totally and permanently disabled. *Feltner v. Lamar Advertising, Inc.*, 83 Fed. App'x 101, 105 (6th Cir. 2003) (unpublished decision).

On February 22, 2002, Plaintiff filed: (1) a motion for an order to provide future medical services; (2) a motion to reconsider the issue of compensation for Plaintiff's brother; and (3) a motion to supplement the district court order to compel payment of unpaid medical bills. On March 25, 2002, the district court found that Plaintiff was entitled to future medical services under the Tennessee workers' compensation scheme, but the Tennessee Department of Labor was the appropriate body to determine whether future medical services were reasonably necessary as required under Tennessee law. The district court again denied Plaintiff's claim for compensation for home care services rendered by Plaintiff's brother. With respect to the alleged unpaid medical bills, the district court ordered Plaintiff to provide Defendants with detailed proof as to which medical bills were outstanding, so that the parties could submit a joint motion as to what medical bills required payment.

---

[1]Although Plaintiff asserted three theories of liability, the district court discussed only the claim based on workers' compensation. Under Tennessee law, workers' compensation is the exclusive remedy for employment injury. Tenn. Code Ann. § 50-6-108.

On April 7, 2003, Plaintiff filed: (1) a motion for an expedited hearing; (2) a motion to compel compliance with the district court's previous order concerning bed side rails, a handicapped-equipped van, and the payment of unpaid medical bills; and (3) a motion for sanctions.

On December 29, 2003, Plaintiff filed a petition for attorney's fees in the amount of $728,406.53. This amount was well beyond the statutory maximum of twenty percent of the first 400 weeks of the workers' compensation award, which amounted to $18,133.60 in attorney's fees. On April 27, 2004, the district court granted Plaintiff's petition for attorney's fees in the amount of $18,133.60. The district court dismissed Plaintiff's motion to supplement the record with respect to Plaintiff's unpaid medical bills as moot. The district court also dismissed Plaintiff's motion for a calculation of weekly benefits as moot, as both parties agreed that Plaintiff's workers' compensation rate was $226.67 per week.

On February 18, 2005, the district court administratively closed the case. On February 28, 2005, Plaintiff filed a notice of appeal. On March 4, 2005, Plaintiff filed a motion to alter or amend the final order of the district court administratively closing the case. In that motion, Plaintiff sought reconsideration of the district court's April 27, 2004 order with respect to attorney's fees. The district court found that the motion was moot due to Plaintiff's appeal to this Court.

On March 4, 2005, Plaintiff submitted a bill of costs to the district court clerk. The clerk refused to consider the bill of costs on the ground that Plaintiff's submission was untimely.

**II.**

The underlying facts are generally not in dispute. Plaintiff was employed by Defendant Lamar in 1996 as a billboard construction worker. *Feltner*, 83 Fed. App'x at 102-03. On November

26, 1996, Plaintiff fell from a billboard in Nashville, Tennessee. *Id.* at 102. Plaintiff suffered severe injuries, including broken femurs, broken ribs, a broken sternum, a shattered right elbow, a punctured right lung, internal bleeding, several fractured vertebrae, and additional injuries to the head and neck. *Id.* Due to his injuries sustained from the fall, Plaintiff is a T10 paraplegic. *Id.* Following the accident, heterotrophic ossification caused Plaintiff's elbow to be fused at a permanent 90 degree angle. *Id.* In addition, Plaintiff developed bed sores because of Plaintiff's inability to stand and relieve pressure on his legs. *Id.*

Plaintiff currently resides with his older brother in Las Vegas. *Id.* Plaintiff's brother assists Plaintiff in Plaintiff's daily life, including helping Plaintiff use the restroom every day. *Id.* at 103.

## III.

We find that Plaintiff failed to timely appeal the decision of the district court, so that this Court does not have jurisdiction over the instant case. Under Federal Rule of Appellate Procedure 4(a)(1), Plaintiff must file a notice of appeal with the district clerk within thirty days after the judgment at issue is entered.

> The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Fed. R. App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal.

*Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

In the instant case, the final judgment of the district court, with respect to the issues raised by Plaintiff, was entered on April 27, 2004. In that judgment, the district court denied Plaintiff's request for $728,406.53 in attorney's fees. Instead, the district court awarded Plaintiff $18,133.60

in attorney's fees. The district court also dismissed two outstanding motions as moot. After this decision, there was no substantive issue left upon which the district court could render judgment. Thus, at the latest, the district court entered final judgment on April 27, 2004. Plaintiff filed a notice of appeal on February 28, 2005, ten months after the judgment of the district court. This notice of appeal clearly does not meet the thirty day requirement of Federal Rule of Appellate Procedure 4(a)(1), so this Court does not have jurisdiction over Plaintiff's appeal.

Plaintiff argues that the relevant date is February 18, 2005, the day the district court administratively closed the case. Utilizing this date, Plaintiff argues that he satisfied Federal Rule of Appellate Procedure 4(a)(1), since he filed the notice of appeal on February 28, 2005. We disagree. The administrative closure of the case was not a substantive decision of the district court. The district court correctly found that the oversight of Plaintiff's state workers' compensation claim was properly left to the state department of labor, as opposed to the federal judiciary. This was especially true considering that this ordinary state workers' compensation case had been in the federal court system for over seven years. The decision to administratively close the case was simply not a final judgment entered against Plaintiff. Under 28 U.S.C. § 1291, a final, appealable judgment occurs when "there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-374 (1981) (internal quotation marks and citation omitted). In the instant case, the litigation on the merits was over as of April 27, 2004, and the district court executed the judgment on that date. Plaintiff failed to timely appeal this judgment, so this Court does not have jurisdiction over his appeal.

## IV.

We **DISMISS** the case for lack of jurisdiction.