**J.D., a minor, by his father, Mark E. DAVIS, Plaintiff,**

v.

**KANAWHA COUNTY BOARD OF EDUCATION, Defendant.**

**Civil Action No. 2:06–cv–00485.**

United States District Court, S.D. West Virginia, Charleston Division.

Oct. 22, 2007.

J.D., c/o Mark E. Davis, Charleston, WV, pro se.

Mark E. Davis, Charleston, WV, pro se.

James W. Withrow, Charleston, WV, for Defendant.

## ORDER

JOSEPH R. GOODWIN, Chief Judge.

Pending before the court is the plaintiff's letter form Motion for an Extension of Time to File a Notice of Appeal [Docket 25]. For the following reasons the motion is **DENIED**.

On August 16, 2007, a judgment order was entered and the plaintiff's case was dismissed [Docket 22]. In a letter dated September 17, 2007, the plaintiff inquired about filing a pro se appeal of this dismissal [Docket 23]. On September 19, 2007, the Clerk responded with a letter providing the plaintiff with copies of Rules 3 and 4 of the Federal Rules of Appellate Procedure, and informing him that the Clerk is prohibited from practicing law or providing legal advice [Docket 24].

The plaintiff requests, by letter dated October 7, 2007, that this court consider his letter to the Clerk dated September 17, 2007, as a notice of appeal or, in the alternative, requests an extension of the time to file a notice of appeal [Docket 23]. The Amended Judgement Order was entered in this case on August 16, 2007 [Docket 22]. The plaintiff's letter was postmarked September 18, 2007, and filed by the Clerk on September 19, 2007 [Docket 23]. Rule 4 states: "In a civil case ... the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(A).

Even assuming that the September 17, 2007, letter meets the requirements of Rule 3, the plaintiff's letter can only have been timely if the 30 day period is extended by Rule 6(e) of the Federal Rules of Civil Procedure or Rule 26(c) of the Federal Rules of Appellate Procedure. Our Cir-

cuit Court has specifically held that Rule 26(c) does not extend the time in which a party must file a notice of appeal. *United States v. Whedbee*, Nos. 93–1380, 93–1652, 1994 WL 142456, at *4 (4th Cir. Apr.21, 1994). Other circuits have also held that the period of time is not extended by Rule 6(e). *Price v. Morris*, No. 87–3432, 1987 WL 44844, at * 1 (6th Cir. Sept.22, 1987) ("Neither Rule 6(e), Federal Rules of Civil Procedure, nor Rule 26(c), Federal Rules of Appellate Procedure, entitles an appellant to an additional three days in which to file by mail a notice of appeal."); *Reynolds v. Hunt Oil Co.*, 643 F.2d 1042, 1043 (5th Cir.1981) ("The law is clear that the 30–day filing requirement of Fed.R.App.P. 4(a) is not affected by either Fed.R.Civ.P. 6(e) or Fed. R.App. P. 26(c).").

 Rule 6(e) and Rule 26(c) are applicable only to situations where "a party is required or permitted to act within a prescribed period after a paper is served." Fed. R.App. P. 26(c); Fed.R.Civ.P. 6(e) (Applicable when "a party must or may act within a prescribed period after service."). The time for filing a notice of appeal, however, begins to run with the entry of judgment not after a paper is served. *Whedbee*, 1994 WL 142456, at *4. Our Circuit Court has recognized that "the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir.1996). Therefore, I **FIND** that Rule 6(e) of the Federal Rules of Civil Procedure and Rule 23(c) of the Federal Rules of Appellate Procedure do not extend the 30 day period required by Rule 4. Additionally, I **FIND** that the plaintiff's letter was untimely because it was filed outside the required 30 day period.

 Even though the plaintiff's notice of appeal was not timely filed, the court

may extend the time if the "party shows excusable neglect or good cause." Fed. R.App. P. 4(a)(5)(A). The plaintiff asks this court to grant an extension. The plaintiff alleges that the Clerk's letter, dated September 19, 2007, "was found Sunday, October 7, 2007, during a weekend cleaning." [Docket 23]. Additionally, the plaintiff alleges that he did not know of the 30 day time period to file an appeal until he discovered and read the misplaced letter from the Clerk [Docket 23].

There is little guidance on what constitutes good cause. An Advisory Committee's note, however, states that the good cause standard applies when the delay is the result of something not within the control of the movant. Fed. R.App. P. 4 advisory committee's note. The delay in this case was the result of the plaintiff's carelessness and ignorance of the Rules of Appellate Procedure. Those are factors over which the plaintiff has control. Therefore, the time period should be extended only if the plaintiff satisfies the excusable neglect standard.

Our Circuit Court has explained that excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534. When determining if the neglect was excusable the court must examine "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 533 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The most important factor is the reason for the delay. *Id.* at 534. Establishing these elements, however, does not entitle a party to relief. "[W]hether to grant an enlargement of time still remains committed to the discretion of the district court." *Id.* at 532 n. 2.

The reason for the delay is both that the plaintiff did not know that he was required to file an appeal within 30 days of judgment and that he misplaced the letter from the Clerk which provided him a copy of the applicable rules. The Supreme Court has recognized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 533 (quoting *Pioneer Inv. Serv.*, 507 U.S. at 392, 113 S.Ct. 1489). I cannot find that the reason for the delay, ignorance of the rules, is excusable. The rules are readily accessible from the South District of West Virginia web-page and in the Kanawha County Public Library System. Therefore, I **FIND** that the plaintiff has not met the excusable neglect standard.

Accordingly, the plaintiff's Motion for an Extension of Time to File a Notice of Appeal [Docket 25] is **DENIED**.

The Clerk is **DIRECTED** to forward copies of this written opinion and order to all counsel of record and to publish the decision on the court's website at www.wvsd.uscourts.gov.