RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0090p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

ULTIMATE APPLIANCE CC,
          *Plaintiff-Appellant,*

          *v.*

THE KIRBY COMPANY et al.,
          *Defendants-Appellees.*

No. 09-3297

─────────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 07-00024—Kathleen McDonald O'Malley, District Judge.

Submitted: March 10, 2010

Decided and Filed: April 1, 2010

Before: COLE, GILMAN, and WHITE, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:** Joel Levin, Aparesh Paul, LEVIN & ASSOCIATES CO., L.P.A., Cleveland, Ohio, for Appellant. Marvin L. Karp, ULMER & BERNE LLP, Cleveland, Ohio, for Appellees.

─────────────────

**OPINION**

─────────────────

COLE, Circuit Judge. The plaintiff-appellant, Ultimate Appliance CC ("the plaintiff"), filed suit against the defendants-appellees, The Kirby Company and The Scott Fetzer Company ("the defendants"), on January 4, 2007. The district court granted the defendants' motion to dismiss on September 30, 2008. Under Federal Rule of Appellate Procedure 4 ("Rule 4"), a notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered," but a party may move for a filing extension within thirty days of the expiration of the initial time period. Fed. R. App. P. 4(a)(1)(A), (5)(A)(i). Here,

Rule 4 required that the plaintiff file a notice of appeal by October 30, 2008 or a motion for a filing extension by December 1, 2008.  *See* Fed. R. App. P. 26(a)(1) (setting out method for computing time periods).  On December 2, the plaintiff filed a motion for extension of time.  The district court denied the motion, holding that it had no authority to grant a filing extension once the Rule 4 deadline had expired.  The plaintiff now appeals.

According to the plaintiff, the district court erred in holding that the time periods set forth in Rule 4 are mandatory and jurisdictional.  The plaintiff points to recent Supreme Court decisions indicating that nonextendable time limits, such as those prescribed in Rule 4, "however emphatic, are not properly typed jurisdictional." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (internal quotation marks omitted); *see Eberhart v. United States*, 546 U.S. 12, 15 (2005) (holding filing deadline for a motion for a new trial under Federal Rule of Criminal Procedure 33 is nonjurisdictional); *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) (Equal Access to Justice Act fee application deadline nonjurisdictional); *Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004) (deadline for filing a complaint under Bankruptcy Rule 4004 objecting to a debtor's discharge nonjurisdictional).

As the defendants note, however, none of these decisions concerns Rule 4's deadlines, which the Supreme Court and this Court consistently have termed mandatory and jurisdictional.  *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (holding that "the taking of an appeal within the prescribed time is mandatory and jurisdictional"); *Feltner v. Lamar Adver. of Tenn., Inc.*, 200 F. App'x 419, 422 (6th Cir. 2006) ("Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend.") (quoting *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989)); *In re Sulzer Orthopedics & Knee Prosthesis Prods. Liab. Litig.*, 399 F.3d 816, 817 (6th Cir. 2005) (quoting *Browder v. Dep't of Corr.*, 434 U.S. 257, 264 (1978) for the proposition that the thirty-day limit in which to file an appeal is "mandatory and jurisdictional").  Most recently, in *Bowles v. Russell*, 551 U.S. 205 (2007), affirming a decision by this Court, the Supreme Court held that "[the petitioner's] failure to file his notice of appeal in accordance with the statute . . . deprived the Court of Appeals of jurisdiction" and distinguished the cases on which the plaintiff seeks to rely.  *Id.* at 210-13; *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. --, No. 08-103, slip op. at 11-14 (U.S. Mar. 2, 2010) (discussing

*Bowles*).  In light of this precedent, the district court did not err in holding it lacked authority to grant the plaintiff's untimely motion.

Alternatively, the plaintiff argues that, even if Rule 4's time limits are mandatory and jurisdictional, it was entitled to an extra three days to file a notice of appeal pursuant to Federal Rule of Civil Procedure 6(d) ("When a party may or must act within a specified time after service and service is made [by a method other than handing it to the party or leaving it at his office or dwelling] 3 days are added after the period would otherwise expire . . . .") and Federal Rule of Appellate Procedure 26(c) ("When a party may or must act within a specified time after service, 3 calendar days are added after the period would otherwise expire . . . .").  The plaintiff reads these two provisions as pushing its deadline for filing a motion for an extension to December 3, 2008—one day after the motion actually was filed.

As the plaintiff acknowledges, however, we repeatedly have held, as have other circuit courts, that neither rule extends the time to file a notice of appeal, since the Rule 4 clock starts when a judgment is entered, not when service of the judgment is effected.  *See, e.g.*, *Rhoden v. Wyatt*, No. 92-6017, 1992 WL 340953, at *1 (6th Cir. Nov. 23, 1992); *Price v. Morris*, No. 87-3432, 1987 WL 44844, at *1 (6th Cir. Sept. 22, 1987); *Johnson v. Green*, No. 86-6165, 1986 WL 18578, at *1 (6th Cir. Dec. 8, 1986); *see also Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir. 2000); *Mattson v. Brown Univ.*, 925 F.2d 529, 532 (1st Cir. 1991); *Sofarelli Assocs., Inc. v. United States*, 716 F.2d 1395, 1396 (Fed. Cir. 1983); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir. 1975).  The plaintiff nonetheless contends that all this precedent is in error because the courts have failed to consider Rule 4 in conjunction with Rule 77 of the Federal Rules of Civil Procedure, which requires service of notice of the entry of judgment.  That service of notice is mandatory, however, has no bearing on when the Rule 4 clock starts and runs out.  Indeed, Rule 77 itself indicates that it has no impact on Rule 4's filing deadlines.  *See* Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry [of judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).").

The district court found that the plaintiff's former counsel wholly abdicated her professional obligations by failing to notify the plaintiff that its suit had been dismissed,

despite having received electronic notice and a telephone call from the court regarding the dismissal.  Although we are sympathetic to the plaintiff's plight, we are not free to ignore Rule 4's restrictions. *See Bowles*, 551 U.S. at 214 ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement. . . .  [T]his Court has no authority to create equitable exceptions to jurisdictional requirements . . . .").  If the plaintiff is to seek redress, it must do so against its former counsel.

For all of the reasons set forth above, we **AFFIRM** the district court's order denying the plaintiff's motion for an extension of time to appeal.