10-3164-cv
Heckerman v. NYS Division of Parole

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
              *Circuit Judges*.

---

MICHAEL A. HECKERMAN,

                 *Plaintiff-Appellant*,

         -v.-                                    10-3164-cv

NYS DIVISION OF PAROLE, JOHN CIESLAK, JR.,
Parole Officer,

                 *Defendants-Appellees*.

---

FOR APPELLANT:      MICHAEL A. HECKERMAN, *pro se*, Kingston,
                    N.Y.

FOR APPELLEES:      KATE H. NEPVEU, Assistant Solicitor
                    General (Barbara D. Underwood, Solicitor
                    General, Nancy A. Spiegel, Senior
                    Assistant Solicitor General, *on the
                    brief*), *for* Eric T. Schneiderman,
                    Attorney General of the State of New
                    York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED**.

Appellant Michael A. Heckerman, proceeding *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case where the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107(a) require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed.  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  "[W]here jurisdiction is questionable we are obliged to examine the question *sua sponte*."  *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005).

In this case, the district court entered judgment on Friday, July 2, 2010, and Heckerman's undated notice of appeal was not received and filed until Wednesday, August 4,

2

2010, two days after the 30-day appeal period expired. Although Heckerman was incarcerated for much of the litigation in the district court, his submissions below indicate that he was released from confinement as of June 30, 2010, several days before the judgment, and that he mailed the notice of appeal from his home address. As such, he cannot avail himself of the "prison mailbox rule," under which an inmate's notice of appeal is deemed filed on the date it is placed in the hands of prison officials to be mailed. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Accordingly, because Heckerman's notice of appeal was not received by the district court within the 30-day appeal period, his appeal is untimely. *See Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 367 (5th Cir. 2002) (per curiam).

In addition, only the district courts, not the courts of appeals, have the authority to extend the time for filing a notice of appeal, if certain statutory conditions are met. *See* § 28 U.S.C. 2107(c); Fed. R. App. P. 4(a)(5)-(6); *see also* Fed. R. App. P. 26(b)(1). While a submission signed by a *pro se* litigant may be construed as a motion to extend the time to appeal when it "may fairly be read as a request to

3

the district court to exercise its discretionary powers to permit a late appeal," *Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987), none of Heckerman's post-judgment submissions provided any indication that he sought such relief.[1]

Accordingly, because the notice of appeal was untimely filed, this appeal must be, and therefore is, **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Although Heckerman's appeal is untimely as it currently stands, he may still ask the district court to construe his notice of appeal and other post-judgment submissions, including his notice of change of address, as a motion to extend the time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5)(A).