NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0725n.06

No. 11-4041

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 05, 2012*

LEONARD GREEN, Clerk

MARC MANOR,                                          )
                                                    )
    Plaintiff-Appellant,                            )
                                                    )        ON APPEAL FROM THE UNITED
v.                                                  )        STATES DISTRICT COURT FOR
                                                    )        THE SOUTHERN DISTRICT OF
COMMISSIONER OF SOCIAL SECURITY,                     )        OHIO
                                                    )
    Defendant-Appellee.                             )


Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM.   Marc Manor appeals a district court judgment that affirmed the Commissioner's decision to deny his application for social security disability insurance benefits.

Manor filed his application for benefits on December 21, 2004, alleging that he became disabled in 2000 due to abdominal cramps, diarrhea, and frequent bowel movements.  An Administrative Law Judge held a hearing in 2008 and denied his application on the basis that Manor could still perform a substantial number of jobs in the national economy within his limitations.  The Appeals Council declined further review, and Manor filed a timely complaint with the district court.

The district court affirmed the denial of benefits in an order and judgment entered on July 19, 2011.  Represented by counsel, Manor filed an appeal from the district court's judgment on September 20, 2011.  On appeal, the Commissioner argues that the case should be dismissed for lack of jurisdiction because the notice of appeal was late.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Under Federal Rule of Appellate Procedure 4(a)(1)(B), when the United States or one of its agencies is a party, as in this case, a notice of appeal must be filed with the district court within sixty days after the district court's judgment is entered. The district court's judgment in this case was entered on July 19, 2011, so the deadline for filing a notice of appeal was September 17, 2011. However, September 17 fell on a Saturday, so the appeal was due on September 19, 2011. *See* Fed. R. App. P. 26(a)(1)(C). Therefore, Manor's notice of appeal, filed on September 20, 2011, was one day late.

Compliance with Rule 4(a) is a mandatory prerequisite that we may neither waive nor extend. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415–16 (6th Cir. 2010). Federal Rule of Appellate Procedure 26(b) specifically provides that we may not enlarge the time for filing a notice of appeal except as authorized in Rule 4.

Manor requests additional time for him to file, in the district court, a request for leave to file a late appeal. However, such a motion to extend would not be timely under Rule 4(a)(5) because it was due thirty days after the time had expired for filing a notice of appeal. Therefore, it would be futile for Manor to now file a motion to extend the time to file a notice of appeal, and we have no statutory authority to hold his case in abeyance pending his request for such a motion.

The case is dismissed for lack of jurisdiction.