**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0895n.06

No. 13-1261

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>NICOLE BARBER;<br>ALVIN GLASPER,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.<br><br>    Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>FILED<br>Oct 16, 2013<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION<br><br>OPINION</td></tr>
</table>

Before: ROGERS, GRIFFIN, and DONALD, Circuit Judges.

**BERNICE B. DONALD, Circuit Judge.** Nicole Barber and Alvin Glasper appeal the district court's grant of a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss their ten-count complaint. The district court's dismissal order and judgment were entered on January 30, 2013, (Page ID # 638, 655), and Appellants filed a notice of appeal on March 2, 2013, (Page ID # 656). Although Appellants contend that the notice of appeal was timely, (Appellant Br. at 7), Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(A) prescribes an appeal period of thirty days from the entry of judgment, which expired on March 1, 2013. Appellants also filed no motions under FRAP 4(a)(5) or (6) to extend or re-open the time to file an appeal. Accordingly, Appellants' notice of appeal was untimely.

FRAP 4 effectuates the statutory mandate that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a). Consequently, both "the Supreme Court and this Court consistently have termed [its deadlines] mandatory and jurisdictional." *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010) (collecting cases). "[T]he Rule 4 clock starts when a judgment is entered, not when service of the judgment is effected[,]" *id.* at 416, and this court, like the U.S. Supreme Court, "has no authority to create equitable exceptions to jurisdictional requirements," *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Only Congress "may authorize courts to promulgate rules that excuse compliance with the statutory time limits," *id.*, and no such authorization or rules alleviate the mandate that FRAP 4(a)(1)(A) advances.

Accordingly, this appeal is DISMISSED as this court is without jurisdiction to consider it.