**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0287n.06

**No. 15-5156**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 01, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JACOB MAY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| APRICUS BIOSCIENCES, INC.; KLEANTHIS G. XANTHOPOLOUS, Ph.D.; PAUL V. MAIER; DEIRDRE V. GILLESPIE, M.D.; LEONARD OPPENHEIM, Esq.; RUSTY RAY; JOHN DOES 1–3, | ) ) ) ) ) | |
| | ) | OPINION |
| Defendants-Appellees. | ) | |

---

**BEFORE:** **BOGGS, ROGERS, and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** This is Jacob May's second appeal regarding a securities fraud suit he filed in June 2013 against Apricus Biosciences, Inc., Kleanthis Xanthopolous, Paul Maier, Deirdre Gillespie, Leonard Oppenheim, Rusty Ray, and John Does 1–3. The district court dismissed May's complaint in an order dated September 30, 2014. Under Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 2107(a), May had 30 days, until October 30th, to file a notice of appeal with respect to that order. May did not successfully file his notice of appeal until November 5th, and this court ultimately dismissed May's appeal as untimely. *See May v. Apricus Biosciences, Inc.*, No. 14-6354 (6th Cir. Dec. 11, 2015) (order). Meanwhile, on December 15, 2014, May filed a motion in the district court requesting an

extension of time in which to file his notice of appeal from the September 30th order under Federal Rule of Appellate Procedure 4(a)(5) and 28 U.S.C. § 2107(c). The district court denied May's motion for an extension as untimely on January 13, 2015. May timely filed a notice of appeal.

The only question before us at present is whether the district court abused its discretion in denying May's motion for an extension of time. *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) ("An order denying an extension of time to file a notice of appeal is reviewed for an abuse of discretion."). "A district court abuses its discretion when it relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Tanner v. Yukins*, 776 F.3d 434, 442 (6th Cir. 2015) (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011)).

Section 2107(c) of Title 28 of the United States Code provides that "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." Federal Rule of Appellate Procedure 4(a)(5) likewise states that a district court "may extend the time to file a notice of appeal if" a party files a motion "no later than 30 days after the time prescribed by this Rule 4(a) expires" and the "party shows excusable neglect or good cause." The 30-day filing deadline set forth in these provisions is "mandatory and jurisdictional." *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007). Consequently, May had until December 1, 2014 to file his motion requesting an extension of time to file his notice of appeal from the district court's October 30th order. *See* Fed. R. App. P. 26(a)(1) (explaining the rules for computing time

periods).  It is undisputed that May filed his motion for an extension on December 15th.  The district court therefore "lacked authority to grant" May's untimely motion.  *Ultimate Appliance CC*, 601 F.3d at 416.  In light of our precedent, May's arguments on appeal that the district court should have granted his motion based on showings of excusable neglect and good cause are unavailing.

Having found no abuse of discretion, the district court's order denying May's motion for an extension of time to appeal is **AFFIRMED**.