**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4080
_____

MINDY JAYE ZIED-CAMPBELL,

Appellant

v.

*COMMISSIONER SOCIAL SECURITY

*Amended pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-12-cv-03700)
District Judge:  Honorable James Knoll Gardner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 20, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Mindy Zied-Campbell appeals the District Court's order dismissing her request to appeal nunc pro tunc. For the reasons detailed below, we will affirm the District Court's judgment.

Zied-Campbell initiated the case to challenge a decision from an Administrative Law Judge concerning her SSI payments. On August 5, 2013, the Court dismissed the action for failure to prosecute. Zied-Campbell appealed that order; that appeal remains pending at C.A. No. 14-4556. Zied-Campbell subsequently filed a few more motions in the District Court, and on November 6, 2015, the District Court entered an order providing that "the Clerk of Court shall not accept any future filings by plaintiff in this matter unless plaintiff has first obtained leave of court." D.C. dkt. #33.

On September 21, 2016, Zied-Campbell filed a request to appeal nunc pro tunc. Zied-Campbell sought to have her notice of appeal deemed filed on December 30, 2015, so that it would be filed within the 60 days she had to timely appeal the November 6, 2015 order. See Fed. R. App. P. 4(a)(1)(B) (providing 60 days to appeal when the United States or one of its agencies is a party). The District Court dismissed that motion on September 22, 2016, on the ground that the pending appeal in No. 14-4556 had divested it of jurisdiction. On November 8, 2016, Zied-Campbell filed a timely notice of appeal challenging the District Court's dismissal of her request to appeal nunc pro tunc.

We have jurisdiction under 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam) ("Most post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has

2

completely disposed of the matter." (alteration omitted) (quoting Sportmart, Inc. v. Wolverine World Wide, Inc., 601 F.2d 313, 316 (7th Cir. 1979))). "Our review of questions of law, jurisdictional or otherwise, is plenary." United States v. Johnson, 861 F.3d 474, 476 n.3 (3d Cir. 2017).

We will affirm the District Court's order. While we question whether Zied-Campbell's notice of appeal had divested the District Court of jurisdiction to rule on her motion to appeal nunc pro tunc (particularly since the District Court had apparently concluded that the appeal had not divested it of jurisdiction to enter the order Zied-Campbell sought to appeal), we need not reach that issue here. We can affirm on any ground apparent on the record, see Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015), and we are satisfied that the District Court lacked the authority to grant the relief that Zied-Campbell requested.

Rule 26(b)(1) of the Federal Rules of Appellate Procedure provides that a court may extend the time to file a notice of appeal only as authorized under Fed. R. App. P. 4. Rule 4 includes two subsections that are potentially relevant here.[1] First, the District Court can extend the time if the appellant moves within 30 days after the expiration of the time to appeal and shows good cause or excusable neglect. See Rule 4(a)(5). Here, Zied-Campbell's time to appeal expired on January 5, 2016, so she had another 30 days, until February 4, 2016, to file a timely Rule 4(a)(5) motion. She filed her motion on September 21, 2016, well past that deadline. Consequently, "the district court had no

---

[1] Zied-Campbell did not file a motion under Rule 4(a)(4) that would toll the time to appeal.

authority to grant [her] motion" under Rule 4(a)(5).  IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.1 (3d Cir. 1986); see also Bowles v. Russell, 551 U.S. 205, 213-14 (2007); Ultimate Appliance CC v. Kirby Co., 601 F.3d 414, 415-16 (6th Cir. 2010).

Second, the District Court can reopen the time to appeal if the appellant did not receive notice of the judgment and the appellant files a motion within 180 days after the judgment is entered or within 14 days of receipt, whichever is earlier.  See Rule 4(a)(6).  Thus, the rule "'establishes an outer time limit of 180 days' within which a party who has not received notice of the entry of a judgment may request a limited extension." Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995) (quoting Fed. R. Civ. P. 60 advisory committee's note to 1991 amendment).  Here, that 180-day period expired on May 4, 2016; Zied-Campbell's motion was therefore not timely under Rule 4(a)(6), either.  "The time limits provided by Fed. R. App. P. 4(a)(6) and 28 U.S.C. § 2107 are 'mandatory and jurisdictional.'"  Id. at 91 (quoting Browder v. Dir., Ill. Dep't of Corr., 434 U.S. 257, 264 (1978)); see also Bowles, 551 U.S. at 213-14.  The District Court therefore lacked authority to extend the time to appeal as Zied-Campbell requested.

Accordingly, we will affirm the District Court's judgment.  We deny the Government's request that we bar Zied-Campbell from filing further papers without leave of Court without prejudice to the Government's reasserting this request in one of Zied-Campbell's other pending appeals.  We also deny Zied-Campbell's February 27, 2017 motion that sought, among other things, to strike the Government's brief.