**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0324n.06

**No. 09-3030**

**FILED**
**May 28, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**BARD HUNTSMAN,**

     **Plaintiff-Appellant;**

**LARRY SHENISE,**

     **Attorney-Appellant,**

**v.**

**PERRY LOCAL SCHOOLS BOARD OF EDUCATION, et al.,**

     **Defendants-Appellees.**

                       /

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

**OPINION**

BEFORE:    CLAY and GILMAN, Circuit Judges; and ZATKOFF, District Judge.[*]

    **CLAY, Circuit Judge.** Plaintiff, Bard Huntsman ("Huntsman"), appeals from the district court order dismissing his 42 U.S.C. § 1983 complaint on August 19, 2008. Attorney-Appellant, Larry D. Shenise ("Attorney Shenise"), separately appeals from the district court's imposition of sanctions entered in a December 5, 2008 order. Huntsman filed suit alleging procedural due process violations, other constitutional claims, and a state law spoliation of evidence claim against

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

Defendants, Perry Local Schools Board of Education ("Board of Education") and Kenneth Hardwick, arising out of the termination of Huntsman's employment as a teacher. The district court dismissed the suit on three separate grounds: 1) untimeliness under the applicable statute of limitations, 2) res judicata, and 3) failure to state a claim. The district court imposed sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") on Attorney Shenise, requiring him to pay Defendants' attorney fees in the amount of $3,135.00. Defendants also moved this Court for sanctions and costs on appeal pursuant to Federal Rule of Appellate Procedure 38. For the reasons set forth in this opinion, we **DISMISS** Huntsman's appeal for lack of jurisdiction, **AFFIRM** the district court's award of Rule 11 sanctions, and **IMPOSE** partial appellate sanctions on Attorney Shenise.

## BACKGROUND

The instant case began with events that took place in 1997. Huntsman was employed by the Perry Local Schools Board of Education as a teacher beginning in 1983. In 1997, information was brought to the attention of Defendants relating to Huntsman's alleged accessing of sexually oriented, inappropriate websites on school computers, allowing students access to same, and viewing these websites with students. Huntsman was placed on paid leave of absence from April 15, 1997 to May 21, 1997 and received notice that the Board of Education would consider his termination at a May 22, 1997 meeting. At that meeting, the Board of Education passed a resolution initiating termination proceedings and suspending Huntsman without pay or benefits. Further allegations of sexual misconduct involving Huntsman came to light over the summer of 1997, and in August 1997 the Board of Education passed a resolution to continue Huntsman's suspension and termination proceedings.

Huntsman was criminally charged in relation to these allegations of misconduct, and his counsel requested on October 13, 1997, that the termination proceedings against Huntsman be postponed pending the resolution of his criminal charges. Ultimately, Huntsman was convicted of one count of gross sexual imposition and five counts of disseminating matter harmful to juveniles and was incarcerated for one year. His convictions were reversed on appeal, and he then pled no contest and was convicted of two counts of contributing to the unruliness or delinquency of a child in violation of Ohio Rev. Code § 2919.24.

On January 13, 1998, the Board of Education voted to terminate Huntsman. Through Huntsman's authorized representative, his contributions to the State Teachers Retirement System were withdrawn on January 26, 1998, which required completing an application certifying that Huntsman was no longer teaching or under any contract or agreement to teach in the future, and was not under a leave of absence from any teaching position. On September 30, 1999, Huntsman's counsel requested a status conference to reactivate the postponed termination proceedings, apparently despite Hunstman's prior termination. Huntsman then attended three Board of Education meetings, on September 26, 2000, October 25, 2000, and December 19, 2000, in which he requested the Board go into executive session to discuss his employment status, which was denied.

Huntsman subsequently engaged in litigation and discussion with the State Board of Education, not a party to the instant case, regarding his permanent elementary and eight-year teaching certificates. As of the State Board of Education's July 8-10, 2002 meeting, Huntsman's teaching certificates were revoked. Ohio law does not permit Huntsman's teaching credentials to be reinstated due to the nature of his convictions to which he pled no contest.

3

Huntsman, proceeding through Attorney Shenise, filed a complaint on June 3, 2002 in the Stark County Court of Common Pleas (the "state trial court"). That complaint requested a declaratory judgment regarding Huntsman's employment status and sought reinstatement as a teacher in the Perry Local Schools, along with back pay and benefits, as well as attorney fees. The parties filed several stipulated facts before this complaint was voluntarily dismissed without prejudice by Huntsman on February 5, 2003.

Huntsman re-filed his complaint, in an amended version, on February 4, 2004, adding new causes of action for wrongful discharge and breach of contract. The state trial court considered the amended complaint, along with the stipulated facts from the original suit, in granting Defendants' motion for summary judgment on October 18, 2004. Huntsman appealed to the Fifth District Court of Appeals (the "state court of appeals"), which affirmed the state trial court in a unanimous opinion on June 27, 2005. On a motion to reconsider, the state court of appeals affirmed its prior ruling. Huntsman filed notice of appeal with the Ohio Supreme Court on August 11, 2005, which declined jurisdiction on initial application and on reconsideration.

Huntsman filed a complaint in the United States District Court for the Northern District of Ohio on November 23, 2007 alleging five claims against Defendants – three claims arising out of an alleged procedural due process violation, one claim of deliberate indifference, and one state law claim for spoliation of evidence. Prior to the filing of the complaint, Huntsman, through counsel, sent a letter to Defendants regarding the planned filing in federal court. Counsel for Defendants responded that such a complaint would be barred on multiple grounds and that if such a case were filed, Defendants would seek sanctions. On April 9, 2008, Defendants filed a motion to dismiss,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Huntsman's claims were barred by the applicable statute of limitations and by res judicata, and failed to state a claim upon which relief can be granted. Defendants also filed a motion for sanctions and fees on May 19, 2008. The district court granted the motion to dismiss on August 19, 2008, dismissing Huntsman's complaint with prejudice. On December 5, 2008, the district court granted Defendants' motion for sanctions in part, imposing sanctions on Attorney Shenise in the amount of $3,135.00 for attorney fees, but denying the motion with respect to Huntsman.

Huntsman and Attorney Shenise filed Notice of Appeal on January 5, 2009. Attorney Shenise filed a motion to withdraw as counsel on April 6, 2009, which was granted by this Court on May 11, 2009. Defendants filed a motion for sanctions and costs with this Court on September 16, 2009 seeking double costs against both Huntsman and Attorney Shenise.

## JURISDICTION OVER HUNTSMAN'S APPEAL

Under Federal Rule of Appellate Procedure 4 ("Rule 4"), notice of appeal must be filed within thirty (30) days after the judgment or other appealable order is entered. Fed. R. App. P. 4. A party may move for a filing extension within thirty days of the expiration of that initial period. Fed. R. App. P. 4(a)(1)(A), (5)(A)(i). Rule 4's timeline is mandatory and jurisdictional. *Ultimate Appliance CC v. The Kirby Co.*, 601 F.3d 414, 415-16 (6th Cir. 2010) (collecting cases in which this Court and the Supreme Court held Rule 4 to be mandatory and jurisdictional).

The district court granted Defendants' motion to dismiss on August 19, 2008. Huntsman filed notice of appeal on January 5, 2009. Huntsman did not move the district court for a filing extension, nor does he offer any argument that the dismissal of his complaint with prejudice was

somehow not a final appealable order. The order granting the motion to dismiss clearly states that the claims are dismissed with prejudice. The district court's later order granting the motion for sanctions makes no mention of the motion to dismiss. Huntsman's time to file notice of appeal began to run when the order granting the motion to dismiss was entered on August 19, 2008. Therefore, Huntsman either needed to file notice of appeal by September 18, 2008 or move the district court for a filing extension on or before October 20, 2008. *See* Fed. R. App. P. 26 (a)(1) (setting out method for calculating time periods). This Court may not extend the time for filing notice of appeal nor create equitable exceptions to the jurisdictional requirements. *Ultimate Appliance*, 601 F.3d at 416 ("Although we are sympathetic to the plaintiff's plight, we are not free to ignore Rule 4's restrictions.") (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

This Court is without jurisdiction to hear Huntsman's appeal of the motion to dismiss because he filed his notice of appeal outside of Rule 4's mandatory and jurisdictional timetable. Therefore, we **DISMISS** this portion of the appeal.

## STANDARD OF REVIEW

The district court's imposition of sanctions on Attorney Shenise pursuant to Rule 11 is reviewed for abuse of discretion. *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007). An abuse of discretion occurs where "the lower court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Heavrin*, 330 F.3d 723, 727 (6th Cir. 2003) (quoting *United States v. True,* 250 F.3d 410, 422 n.9 (6th Cir. 2001)).

## DISCUSSION

**I.      Rule 11 Sanctions Imposed on Attorney Shenise**

Rule 11(c)(1) allows sanctions to be imposed on any attorney, law firm, or party by the district court when the court determines that Rule 11(b) has been violated. Rule 11(b) states in relevant part that the act of filing a pleading or other document with a court

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b). The test for whether Rule 11 sanctions imposed on an attorney were appropriate is whether the attorney's conduct was reasonable under the circumstances. *Mich. Div.-Monument Builders of N. Am. v. Michigan*, 524 F.3d 726, 739 (6th Cir. 2008).

The district court dismissed Huntsman's claims based on three theories: 1) the action was time-barred under the applicable statute of limitations, 2) the action was barred under the doctrine of res judicata, and 3) the claims were without merit, i.e., based on Huntsman's failure to state a claim. We conclude that on the first two theories, the dismissal was proper. However, there may have been a plausible claim for nominal damages arising out of the procedural due process claim.

The applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual. *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)). In Huntsman's complaint, the latest date for a factual allegation upon which he rests his § 1983 theory of relief is January 18, 1998, which is the date when the Board of Education passed a

resolution to terminate Huntsman.  The instant case was filed in the district court in November 2007, nearly ten years after the accrual of his claims.

Huntsman argued in the portion of this appeal that was untimely that he was entitled to the application of equitable tolling under the doctrine of concealment and that the statute of limitations runs only after he exhausted state remedies.  The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action.  *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988).  However, in the district court, Huntsman did not allege in his complaint that he was entitled to equitable tolling under the doctrine of concealment.

Even if Huntsman had pled the elements of concealment, he would not have been entitled to equitable tolling because it is clear from the record that he had actual or constructive notice of his termination when his legal representative withdrew his funds from the State Teachers Retirement System on January 26, 1998 and certified that he was no longer employed as a teacher.  Therefore, he would not have been able to succeed on his claim that the Board of Education concealed its conduct, the first element of the doctrine of concealment.  Likewise, there is no requirement of exhaustion in state court for § 1983 actions, nor does litigating first in state court toll the statute of limitations for § 1983 claims.  Therefore, the two-year statute of limitations had run prior to Huntsman filing his complaint.

The district court also correctly found that Huntsman's claims were barred by the doctrine of res judicata.  "Under the doctrine of res judicata, a final judgment on the merits is an absolute bar

to a subsequent action between the same parties or their privies based upon the same claims or causes of action. The doctrine of res judicata also prohibits relitigation of all claims or issues which were actually litigated or which could have been litigated in a prior action." *Reid v. City of Flint*, 221 F.3d 1335 (table), 2000 WL 876547, *1 (6th Cir. 2000) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co*, 84 F.3d 211, 214 (6th Cir. 1996); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

There is no question that the underlying facts of this litigation are identical to those of the state-court action, nor that the parties are identical parties. Similarly, there is no indication that any party in the instant case challenges the finality of the state-court disposition nor the competency of the state courts to render disposition. The issue is simply whether the claims and causes of action are materially the same or if the claims brought in the instant case could have been brought in the state-court action.

Count II of Huntsman's second state-court complaint reads as follows:

8. Paragraphs 1-7 are incorporated herein as if originally plead.
9. On or about November 2002, Plaintiff during the course of litigation concerning his teaching certificate learned through a deposition of Defendant's agent that his employment had actually been terminated by Defendant.
10. While Plaintiff has no written substantiation of the alleged discharge, if in fact Plaintiff has been discharged then such action would be in violation of Section 3319.16 of the Ohio Revised Code, as Plaintiff has never been afforded the proper due process as required by law.

(Dist. Ct. Doc. No. 14, Ex. D, Pl.'s Second State Court Complaint). The state law wrongful discharge claim is nearly identical to the federal procedural due process claims Huntsman sought to

9

bring in the instant case. Admittedly, Huntsman referenced only state law in his state complaint, but the federal claim is essentially the same and could have been brought using the same language. The federal procedural due process claim includes a two-prong analysis: 1) whether Huntsman has a protected interest in his employment as a teacher and 2) whether he was afforded the process he was due, which typically would require notice and a pre-termination hearing. *Leary v. Daeschner*, 228 F.3d 729, 741-44 (6th Cir. 2000). Huntsman's pleading in state court would likely have been sufficient for his federal claim simply by incorporating a reference to federal law. Therefore, the district court properly applied the doctrine of res judicata in dismissing the complaint.

Finally, the district court noted that the claims brought by Huntsman were without merit. As that court found, "[Huntsman's] conduct resulted in a criminal conviction such that he was unemployable by the Board, which would have acted in contravention of state law had it attempted to re-hire him. To hold a hearing regarding [Huntsman's] termination would have been a vain and fruitless act." (Dist. Ct. Doc. No. 18, Mem. Order and Op., 8). We are not fully convinced that the district court was correct on the merits of Huntsman's claim. While he probably could not have received most of the relief he requested due to his ineligibility for employment, he was not given the hearing that he was entitled to prior to his termination. The fundamental aspects of procedural due process are notice and an opportunity to be heard. *See Goldberg v. Kelly*, 397 U.S. 254, 268-69 (1970).

It is unclear whether, in an instance where the only relief available would amount to a fruitless hearing and potentially nominal damages, this Circuit would simply apply harmless error analysis to procedural due process claims. *See Fligiel v. Samson*, 440 F.3d 747, 747 (6th Cir. 2006)

(declining to reach the merits of the appeal, but noting that "the [district] court held that the denial of procedural due process was harmless error"); *but see Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 658-62 (2d Cir. 1999) (Sotomayor, J. dissenting) (denial of a hearing cannot be harmless error); *Kim v. Hurston*, 182 F.3d 113, 119 (2d Cir. 1999) (same); *WJR, The Goodwill Station v. FCC*, 174 F.2d 226, 241 (D.C. Cir. 1948) ("Denial of a procedural right guaranteed by the Constitution – in this instance denial of a hearing guaranteed by the due process clause – is never 'harmless error.'"), *rev'd on other grounds*, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). Therefore, although Huntsman would not have been able to receive most of the relief he desired, the complaint may have stated a plausible claim for nominal damages. Even if there may have been a colorable claim for nominal damages related to the lack of a hearing in Huntsman's federal procedural-due-process lawsuit, that claim should have been part of the state-court litigation.

In any event, the suit is clearly barred by res judicata and the statute of limitations, so the dismissal was not in error. Additionally, counsel for Defendants notified Attorney Shenise prior to the filing of the complaint in the district court that the claims were barred and that Defendants would seek sanctions if the case were filed. Therefore, we conclude that it was not reasonable for Attorney Shenise to file the complaint and to argue that the claims were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

It was not an abuse of discretion for the district court to impose sanctions on Attorney Shenise for filing this complaint which was so clearly barred by the statute of limitations and by res judicata. Therefore, the Rule 11 sanctions as to Attorney Shenise are **AFFIRMED**.

**II.     Motion for Appellate Sanctions on Huntsman and Attorney Shenise**

Federal Rule of Appellate Procedure 38 ("Rule 38") allows for this Court to impose sanctions upon motion of the appellee for frivolous appeals. Similarly, 28 U.S.C. §§ 1912 and 1927 allow for sanctions to be imposed in federal courts against the attorney under both statutes, and against the litigant under § 1912. This Court has held that "sanctions under [Rule 38 are] appropriate when an appeal is 'wholly without merit' and when the appellant's 'arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008) (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999)). "We will usually impose Rule 38 and § 1927 sanctions only where there was some improper purpose, such as harassment or delay, behind the appeal." *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997).

Appellees filed a motion for appellate sanctions in the amount of double attorney fees to be paid by Huntsman and/or Attorney Shenise. In the alternative, the appellees seek single costs on appeal in addition to the sanctions already awarded by the district court.

The only timely appeal at issue in this case is the appeal of the sanctions against Attorney Shenise. The appeal is not frivolous on its face, since it simply seeks relief based on a colorable, though unconvincing, argument that Attorney Shenise's conduct was reasonable under the circumstances. Appellate sanctions are typically not appropriate for the appeal of the Rule 11 sanctions imposed by the district court, and this appeal is no exception.

However, Attorney Shenise filed notice of appeal for both orders entered by the district court, and both appellants filed briefs on appeal separately, requiring Defendants to litigate both

12

Huntsman's untimeliness and to defend the imposition of sanctions at the district court below. The appeal of the motion to dismiss was frivolous both because it was untimely, as discussed above, and because it continued litigation that was based on arguments that the district court properly sanctioned. However, once Attorney Shenise moved to withdraw as counsel in the appeal of the motion to dismiss, he ceased to be part of the frivolous appeal pursued by Huntsman and so should only be sanctioned for the time during which he was involved in the appeal.

Defendants also seek to sanction Huntsman for pursuing his appeal of the motion to dismiss. Although it is clear that Huntsman was on notice of the frivolous nature of his claims in this case based on the district court's dismissal and its grant of Rule 11 sanctions, the equities of the situation weigh in favor of not sanctioning Huntsman. Despite Huntsman evidently refusing to dismiss this appeal at the conclusion of mediation efforts, and thereafter Attorney Shenise withdrawing as counsel, this Court is inclined to deny the motion for appellate sanctions because of the relative lack of sophistication of a *pro se* litigant like Huntsman. Also, we note that most of the cases in which appellate sanctions are awarded against a litigant appear to be in situations where the appellant was a corporation, and more likely to be able to afford such fees. *See, e.g., B & H Med.*, 526 F.3d at 271-72; *Wilton Corp.*, 188 F.3d at 677-78.

Sanctioning Attorney Shenise for filing a notice of appeal of the order dismissing Huntsman's complaint in an untimely manner for a claim that he clearly knew was frivolous is appropriate. Although this Court may have support in the caselaw to sanction Huntsman as well, the equities of the situation weigh in favor of sanctioning only the attorney. Similarly, the appeal of the award of sanctions by the district court does not rise to the level of sanctionable conduct.

Therefore, only single costs related to the appeal of the motion to dismiss accrued from the time of filing the notice of appeal, January 5, 2009, to the time Attorney Shenise filed a motion to withdraw as counsel for Huntsman's appeal of the motion to dismiss, April 6, 2009, are imposed, and only Attorney Shenise is required to pay those costs.

## CONCLUSION

Because this Court does not have jurisdiction over the appeal of the dismissal of Huntsman's claim, Huntman's appeal is **DISMISSED**. We further conclude that the imposition of Rule 11 sanctions should be **AFFIRMED**, and that appellate sanctions should be **IMPOSED** for the filing of the appeal of the dismissal order up to the point where Attorney Shenise moved this court to withdraw as counsel on that appeal. An affidavit of costs detailing attorney fees from January 5, 2009 to April 6, 2009 from Defendants should be filed with this Court within 30 days so that such costs may be imposed, with any response from Attorney Shenise due 15 days thereafter.