NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0586n.06

No. 14-4097

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JUDY MAE FILLINGER, | ) | **FILED** |
| | ) | Aug 17, 2015 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| LERNER SAMPSON & ROTHFUSS; MORGAN | ) | UNITED STATES DISTRICT |
| STANLEY CREDIT CORPORATION; HSBC | ) | COURT FOR THE |
| BANK USA, NA; CENLAR FEDERAL SAVINGS | ) | NORTHERN DISTRICT OF |
| BANK, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:    BATCHELDER and STRANCH, Circuit Judges; HOOD, District Judge[*]

    **ALICE M. BATCHELDER, Circuit Judge.**   In 2013, Judy Mae Fillinger brought multiple claims under the Fair Debt Collection Practices Act ("FDCPA") against four defendants for conduct that occurred in 2008 through 2010.  Although admitting that her claims were facially barred by the FDCPA's one-year statute of limitations, she argued that the statute should be equitably tolled because the four defendants fraudulently concealed the existence of a creditor.  The four defendants filed a Rule 12(b)(6) motion to dismiss, which the district court granted.  Because we hold that Fillinger has not adequately pleaded fraudulent concealment even if we were to recognize equitable tolling under the FDCPA, we AFFIRM the dismissal of her claims.

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I.**

Because this case is before us on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we accept the well-pleaded facts in Fillinger's complaint as true. In 2003, Fillinger signed a note and executed a mortgage to refinance her principal residence. That year, unbeknownst to Fillinger, the mortgagee sold the note to a Sequoia Mortgage trust ("the Trust") whose trustee was HSBC Bank USA, NA ("HSBC"). Then, in August 2008 Fillinger received a letter from Cenlar Federal Savings Bank ("Cenlar") notifying her that she was in default of her July 2008 payment. One month later, she received another letter from Cenlar notifying her that she had defaulted on her obligations under the note and mortgage. Both letters were written on the stationery masthead of Morgan Stanley Credit Corporation ("Morgan Stanley") and were sent from Cenlar as "the duly appointed and authorized loan sub-servicer for Morgan Stanley Credit Corporation."

It was not until December 2008, however, that the mortgage was assigned to Morgan Stanley. And it was only in July 2009 that Cenlar requested the note and the note was endorsed to Morgan Stanley. Lerner Sampson & Rothfuss ("LSR"), on behalf of Morgan Stanley, then filed a foreclosure suit against Fillinger in Ohio state court. Fillinger pleaded that an entity other than Morgan Stanley held the debt, but the trial court rejected her argument. The court granted judgment to Morgan Stanley and executed the mortgage by sheriff's sale. In December 2012, Morgan Stanley assigned its bid in the sheriff's sale to the Trust. This was the "first reliable information Fillinger had of the identity of the FDCPA creditor, the Trust."

Now armed with the knowledge that her suspicions had been correct and the Trust, not Morgan Stanley, had been the creditor of the debt at the time of her default in September 2008, Fillinger brought suit in federal district court under the FDCPA against HSBC, Cenlar, Morgan

Stanley, and LSR. She contended that because the Trust owned the debt at the time of default, it was the creditor of the debt under 15 U.S.C. § 1692a(4). And Morgan Stanley was a debt collector under 15 U.S.C. §§ 1692a(4) and 1692a(6) because the debt was then assigned to Morgan Stanley and Morgan Stanley attempted to collect the debt. Similarly, because Cenlar sent letters to Fillinger on behalf of Morgan Stanley and LSR initiated the lawsuit against Fillinger on behalf of Morgan Stanley—both actions taking place after the default—they were debt collectors pursuant to 15 U.S.C. § 1692a(6). Finally, she argued that HSBC was a debt collector because it used the name of Morgan Stanley rather than its own to collect on the debt, pursuant to "a frequent practice of the mortgage industry wherein the creditor tries to collect on its note and mortgage without revealing itself as creditor by having the servicer or servicer's banking affiliate collect as if the creditor." She then argued that each entity's actions violated two provisions of the FDCPA: (1) by failing to inform her "within five days after the initial communication" of the name of the creditor to whom the debt was owed pursuant to 15 U.S.C. § 1692g(a)(2), and (2) by taking or threatening to take "nonjudicial action to effect dispossession or disablement of property" through various actions prior to and including the foreclosure action pursuant to 15 U.S.C. § 1692f(6). She also alleged that Cenlar violated 15 U.S.C. § 1692(14) by using Morgan Stanley stationery.

Although Fillinger admitted in her complaint that the one-year FDCPA statute of limitations facially barred her claims, she contended that fraudulent concealment of the Trust's creditor role equitably tolled the statute. It was only when the sheriff's sale confirmed the Trust's existence in 2012, she argued, that she knew that the four defendants had been debt collectors—not creditors themselves—and thus might have run afoul of the FDCPA. Once she

discovered she had a cause of action, she timely filed a suit four months after the sheriff's sale, well within the statute of limitations if the statute were tolled.

Raising the defenses of statute of limitations and res judicata, and arguing failure to state a claim, the four defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motions to dismiss, holding that Fillinger had failed to state a claim. Fillinger timely appealed.

## II.

We review de novo the district court's order granting a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Although the district court noted the time-bar issue but did not rule on that ground, "[w]e may affirm the district court's dismissal of a plaintiff's claims on any grounds, including grounds not relied upon by the district court." *Hensley Mfg. v. ProPride Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Convinced that Fillinger's claims are time barred, we affirm on that ground.

The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). The statute runs "from the date on which the violation occurs." *Id.* Facially, Fillinger's claims fall outside of the one-year limitations period. Her claims under § 1692g(a)(2) are tied to the "initial communications," meaning that the statute would have begun to run five days after the letters had been sent and the defendants had not followed up with information on the creditor— sometime in 2008. Similarly, her claims under § 1692f(6) were premised on actions preceding and including the filing of the foreclosure suit, which took place on September 16, 2010. *See Morgan Stanley Credit Corp. v. Fillinger*, 979 N.E.2d 362, 364–65 (Ohio Ct. App. 2012). Any viable complaints under this section thus would have been untimely in September 2011.

Because Fillinger did not file her lawsuit until 2013, both categories of claims are facially untimely.

Fillinger argues, however, that the statute of limitations "was equitably tolled by the fraudulent concealment of the party defendants." "The general rule is that we will not extend the statute of limitations by even a single day." *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (internal quotation marks omitted). Although some courts allow equitable tolling of the FDCPA statute of limitations, *see Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939–41 (9th Cir. 2009), we have specifically left for another day the question of whether the FDCPA permits equitable tolling, *Ruth*, 604 F.3d at 914. We find no reason to answer that question today, because even if we were to allow equitable tolling of the FDCPA statute of limitations, Fillinger has not adequately pleaded fraudulent concealment.

"The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988)). Fillinger's complaint fails at the first step. Although she uses the term "fraudulent concealment," that alone is not enough because, when alleging fraud, "a party must state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). Nor are her accusations of each party's failing to inform her of the identity of the creditor enough. "Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry." *Pinney Dock*, 838 F.2d at 1467 (internal quotation marks omitted). Fillinger cannot plead fraudulent concealment on the

theory that the four defendants kept silent about the existence of the creditor. In reality, the only reference that goes beyond "mere silence" is a passing mention that Morgan Stanley "actively conceal[ed] the interest of the Trust from the inquiries of Plaintiff." "To plead fraud with particularity, the plaintiff must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (internal quotation marks omitted). Fillinger's conclusory reference to active concealment does not meet this standard.[1]

In sum, even assuming that the FDCPA statute of limitations allows equitable tolling, Fillinger's claims would still be time barred because she did not plead fraudulent concealment with particularity. Without fraudulent concealment, she is not entitled to equitable tolling, and her claims were untimely. Because her claims are time barred, dismissal of her complaint was appropriate.

## III.

For the foregoing reasons, we AFFIRM the district court's order granting the 12(b)(6) motion to dismiss.

---

[1]The only allegation of her complaint that could possibly be interpreted as "active concealment" concerns an entirely different trust. She pleaded that during the foreclosure action she had contended that "a Redwood Trust rather than Morgan Stanley held the debt" but that she was "unsuccessful" in identifying the Redwood Trust as the owner of the note and mortgage despite repeated attempts. The Trust that she now contends was the FDCPA creditor was a Sequoia Mortgage trust, and thus any "concealment" of the Redwood Trust would be irrelevant to her FDCPA claims.